

1. The testimony of three government witnesses as to a financial statement was admissible under an exception to the best evidence rule, that is, that secondary evidence is admissible, within the discretion of the trial judge, where it appears that the original writing has been lost or destroyed, without any fault of the party offering the evidence.

2. The four insufficient checks were admissible into evidence to prove intent, and no abuse of discretion of the trial judge was shown.

3. The trial judge was in the best position to determine possible prejudice from the prosecutor's reference to excluded evidence. He rebuffed the attorney at the time, and he did not abuse the broad discretion allowed the trial court in denying a motion for a mistrial.

4. We perceive no error in the trial judge's charge to the jury concerning the proof of other similar offenses or acts to show fraudulent intent.

Affirmed.

James W. May, Birmingham, Ala., for plaintiffs-appellants.

William J. Baxley, Atty. Gen. of Ala., Montgomery, Ala., William T. Faile, Dist. Atty., Fourth Judicial Circuit of Alabama, Selma, Ala., for defendants-appellees.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

The State of Alabama, through its duly authorized officials, filed a bill in state court to enjoin the operation of an outdoor theatre in such a manner as to constitute a public nuisance. Three weeks later the corporate owner of the theatre filed a complaint in the United States District Court asking that the officials be enjoined from prosecuting the state court action and that an order be issued declaring that the Alabama public nuisance statute was being unconstitutionally applied to the appellants. After an adversary hearing, the District Court found that the state statute was not patently unconstitutional, that it was not

**80 DRIVE–IN, INC., an Alabama corporation and Ernest Jones, Jr., Plaintiffs-Appellants,**

v.

**William J. BAXLEY, the Attorney General of the State of Alabama, et al., Defendants-Appellees.**

No. 71–3121

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 5, 1972.

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

**612**

being unconstitutionally applied, that the plaintiffs had failed to prove that the suit filed in the state courts was initiated in bad faith, nor had the plaintiffs proved that the state court suit had been filed for the purpose of harassing the defendants for showing x-rated movies. The District Court then denied an injunction to stay the civil action which had been pending in state court before the complaint was filed in the federal court.

To require that motion pictures not be exhibited in such a manner as to stop traffic on the highways is certainly a reasonable restriction on the exercise of first amendment freedoms. *See* Judge Moore's concurring opinion in Chemline, Inc. v. City of Grand Prairie, 5 Cir., 1966, 364 F.2d 721. Unlike Palaio v. McAuliffe, 1230 F.2d 466 [1972], this case presents squarely the question whether Younger. v. Harris precludes federal intervention in purely civil proceedings as well as state criminal prosecutions, but because we affirm the judgment of the district court on another ground, we intimate no resolution of this question.

Affirmed.

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Leslie Eugene ALLEN, Defendant-**
**Appellant.**

No. 72–1460.

United States Court of Appeals,
Fifth Circuit.

Oct. 24, 1972.

———◆———

Philip C. Friday, Jr., Austin, Tex. (Court-appointed), for defendant-appellant.

William S. Sessions, U. S. Atty., Jeremiah Handy, James W. Kerr, Jr., Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before GEWIN, THORNBERRY and CLARK, Circuit Judges.

PER CURIAM.

Appellant was convicted by a jury on two counts charging him with knowingly passing counterfeit currency with intent to defraud, in violation of 18 U.S.C. § 472. Finding appellant's allegations of error to be without merit, we affirm the conviction.

First, appellant questions the sufficiency of the evidence. Secondly, appellant asserts that the trial court erroneously permitted the Government to impeach its own witness, Holt, by means of testimony of another Government witness, Lockwood, there being no proof