GENERAL CORPORATION et al., Plaintiffs,

v.

Eugene SWEETON et al., Defendants.

MTM, INC., an Alabama corp., and Mobile Bookmart, Inc., an Alabama corporation, Plaintiffs,

v.

William J. BAXLEY, in his capacity as Attorney General for the State of Alabama, et al., Defendants.

Civ. A. Nos. 73–194 NE., 73–427 S.

United States District Court,
N. D. Alabama,
Northeastern and S. Divisions.

Oct. 18, 1973.

Glenn F. Manning and Martinson, Manning & Martinson, Huntsville, Ala., A. S. Johnston, III, Biloxi, Miss., Charles H. Younger, pro se, for defendants in Civ.A. No. 73–194 NE.

Ferris Ritchey, Birmingham, Ala., Gilbert H. Deitch, Atlanta, Ga., Robert Eugene Smith, Baltimore, Md., for plaintiffs in Civ.A. No. 73–427 S.

Herbert Jenkins, Jr., Birmingham, Ala., William A. Jackson, Legal Adviser to Governor, Montgomery, Ala., William J. Baxley, Atty. Gen., Donald G. Valeska, II, Asst. Atty. Gen., Montgomery, Ala., Earl C. Morgan, Dist. Atty., David Cromwell Johnson, Deputy Dist. Atty., Birmingham, Ala., for defendants in Civ.A. No. 73–427 S.

Before RIVES, Circuit Judge, and McFADDEN and POINTER, District Judges.

POINTER, District Judge:

Positing jurisdiction under 28 U.S.C. §§ 1343(3) and 2201, plaintiffs filed these actions under 42 U.S.C. § 1983, seeking injunctive and declaratory relief from state court orders, entered pursuant to Alabama nuisance statutes, Alabama Code, Title 7, §§ 1091–1108 [1], enjoining the operation of several theatres and book stores. These two cases were consolidated pursuant to Rule 42, F.R. Civ.P. A three-judge court was constituted to hear the consolidated cases, which are now submitted for decision on the merits and on motions to dismiss.

At the outset this Court must determine the propriety of federal intervention in state court proceedings in these cases. Principles of equity, comity and federalism dictate that state court proceedings remain free from federal court intervention, except in cases where plaintiff can show the existence of "special equities" that justify intervention.[2]

Heiskell, Donelson, Adams, Williams & Wall, Memphis, Tenn., Robert E. Willisson and Morring, Giles, Willisson, Jefferson & Weir, Huntsville, Ala., for plaintiffs in Civ.A. No. 73–194 NE.

---

1. These statutes were designed to deal with places of "lewdness, assignation, or prostitution." Defendants herein have used these statutes to deal with places where obscene material is allegedly shown or distributed.

2. We decline to await the Supreme Court's decision on the appeal from Pursue Ltd. v. Huffman (W.D.Ohio 1973, C72–432, Apr. 20, 1973). The *Younger* problem was not dealt with by the District Court in that case, pre-

Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L. Ed.2d 701 (1971). The *Younger* case and its progeny can be considered as merely restating traditional principles applicable to both *civil and criminal cases.* 401 U.S. at 43–45, 91 S.Ct. 674; Lynch v. Snepp, 472 F.2d 769 (C.A.4, 1973). The Fifth Circuit has not yet been squarely faced with the question of whether or not *Younger* applies to purely civil proceedings; however, it has found *Younger* applicable to matters which, though labelled civil, have significant implications for a state's enforcement of its criminal laws. Duke v. Texas, 477 F.2d 244 (C.A.5, 1973); Palaio v. McAuliffe, 466 F.2d 1230 (C.A.5, 1972). See American Radio Ass'n v. Mobile Steamship Ass'n, 483 F.2d 1 (C. A.5, 1973). *Cf.* Hobbs v. Thompson, 448 F.2d 456 (C.A.5, 1971). Other circuits have indicated that *Younger* does apply to civil matters. Cousins v. Wigoda, 463 F.2d 603 (C.A.7, 1972), application for stay denied 409 U.S. 1201, 93 S.Ct. 2610, 34 L.Ed.2d 15 (Rehnquist, Circuit Justice); Lynch v. Snepp, *supra.* We need not now reach this question, since we conclude that the state proceedings here in question complement, or serve as a substitute for, the criminal laws of the state.[3]

What then does *Younger* require? As stated by the Supreme Court in the more recent case of Mitchum v. Foster, 407 U.S. 225, 230, 92 S.Ct. 2151, 2156, 32 L.Ed.2d 705 (1972):

In *Younger*, this Court emphatically reaffirmed "the fundamental policy against federal interference with state criminal prosecutions." 401 U.S., at 46 [91 S.Ct., at 751]. It made clear that even "the possible unconstitutionality of a statute 'on its face' does not in itself justify an injunction against good-faith attempts to enforce it." 401 U.S., at 54 [91 S.Ct. at 755]. At the same time, however, the Court clearly left room for federal injunctive intervention in a pending state court prosecution in certain exceptional circumstances—where irreparable injury is "both great and immediate," 401 U.S., at 46 [91 S.Ct. at 751], where the state law is "flagrantly and patently violative of express constitutional prohibitions," 401 U.S., at 53 [91 S.Ct., at 755], or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." 401 U.S., at 54 [91 S.Ct., at 755].

In the present cases the plaintiffs have failed to demonstrate that the state court actions have been instituted in bad faith or to harass. Compare Cameron v. Johnston, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968) with Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). Plaintiffs are not being threatened with multiple prosecutions—indeed, the essence of their complaint here is that they are not. *Cf.* Younger v. Harris, 401 U.S. at 46, 91 S. Ct. at 751 ("the threat to the plaintiff's federally protected rights must be one

sumably due to the lack of identicality of parties in the state and federal cases. Nor do we consider the Supreme Court's summary remands on June 25, 1973, of a number of cases, including Grove Press, Inc. v. Bailey, 318 F.Supp. 244 (N.D.Ala.1970) and Spivak v. Shriver, 315 F.Supp. 695 (M.D. Tenn.1970), for "further consideration in light of Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973)" etc., without mentioning *Younger*, as overruling *Younger*.

3. Compare the situation in 80 Drive-in v. Baxley, 468 F.2d 611 (C.A.5, 1972), wherein

the Fifth Circuit had before it a matter which it indicated was purely civil in nature. That matter involved Alabama's general nuisance statutes, Alabama Code, Title 7, Article 1 of Chapter 31, whereas we are now faced with an application of Article 2 of Chapter 31, dealing with places of lewdness, assignation and prostitution as public nuisances. Note that § 1107 of Article 2 requires certain state officials to institute nuisance proceedings where nuisance has been established in a criminal proceeding, a criminal verdict of guilty being conclusive in the civil action. *See also,* Ridge v. State, 206 Ala. 349, 89 So. 742 (1921).

that cannot be eliminated by his defense against a single criminal prosecution").

There is an insufficient showing that plaintiffs will suffer irreparable injury if consigned to their state court remedies. In Alabama permanent injunctions are appealable, and temporary injunctions may be made appealable by appropriate motions, and both types of appeals are given expedited, preferential treatment by statute.[4]

There is a question as to whether the Alabama nuisance statutes here in question are "flagrantly and patently violative of express constitutional prohibitions." Mitchum v. Foster, *supra*. However, it is quite possible that the Alabama Supreme Court might construe these statutes as inapplicable to motion picture theatres and book stores, obviating any federal constitutional question.[5] If a constitutional question remains after the statutes have been authoritatively construed, such question can be decided by the Alabama Supreme Court upon the same appeal.

On balance, we conclude that the plaintiffs have failed to show any of the exceptional circumstances required by *Younger* and that accordingly it is the duty of this Court to dismiss these cases.[6] Dismissal is, of course, without prejudice to any rights plaintiffs may have in the Alabama courts; and we intimate no opinion as to the merits of these cases.

For the foregoing reasons, it is ordered, adjudged and decreed that the above-styled cases be, and the same hereby are, dismissed, each party to bear his own costs.

---

4. See Alabama Code, Title 7, §§ 757, 1057 (Recomp.1958). The plaintiffs in the federal court cases have had, have, or can have viable appellate rights (though it appears that at least two of the plaintiffs have elected to let the time for appeal expire).

5. Note that the Georgia statute involved in Speight v. Slaton, 356 F.Supp. 1101 (N.D. Ga.1973), on appeal to the Supreme Court as # 72–1557, is specifically directed at obscenity and, unlike the Alabama statute, calls for destruction of the materials, even those which would be held not obscene. In *Speight* the state admitted that not all the materials sought to be seized were legally obscene; in the present case the posture of the governmental officials apparently is that each and every film or book is legally obscene. Moreover, in *Speight* there was apparently "no way to construe abatement of a public nuisance to avoid the [claimed] constitutional infirmity" and the Georgia Supreme Court "may have already approved of the use of the public nuisance approach to closing down activities involving 'obscene' materials." (Judge Morgan dissenting in *Speight*, 356 F.Supp. at 1107, 1108.) We have not been advised of any like approval by the Alabama Supreme Court. Due to the differences in the cases it is doubtful that a reversal by the Supreme Court in *Speight* would be controlling on the cases here.

6. We note our conclusion that these cases require the action of a three-judge court, 28 U.S.C. §§ 2281, 2284, even where the only action taken is dismissal for reasons of equity, comity and federalism.