## MTM, INC., ET AL. *v.* BAXLEY, ATTORNEY GENERAL OF ALABAMA, ET AL.

No. 73–1119.  Argued December 10, 1974—Decided March 25, 1975

*Robert Eugene Smith* argued the cause for appellants. With him on the brief was *Gilbert H. Deitch.*

*Herbert Jenkins, Jr.,* argued the cause and filed a brief for appellees.*

PER CURIAM.

The State of Alabama brought suit against appellant MTM in state court under the Alabama nuisance law, Ala. Code, Tit. 7, §§ 1081–1108 (1958),[1] seeking to enjoin the continued operation of a nuisance by MTM. It alleged that because of convictions for violations of

---

*Barbara Scott* and *James Bouras* filed a brief for the Motion Picture Association of America, Inc., as *amicus curiae* urging reversal.

[1] Nuisance is defined in § 1091 of this Act as "any place . . . upon which lewdness, assignation or prostitution is conducted, permitted, continued, or exists, and the personal property and contents used in conducting or maintaining any such place for any such purpose." The remainder of the law consists of detailed procedural provisions governing the maintenance of a nuisance action.

local obscenity laws by the Pussycat Adult Theater, an enterprise owned by MTM in Birmingham, Ala., the theater constituted a nuisance under this statute.[2] After a hearing on the complaint, the state court issued a temporary injunction under the nuisance law, closing the theater.[3]

After issuance of the temporary injunction and while action on the request for a permanent injunction was pending in state court, appellant filed this action in the United States District Court for the Northern District of Alabama under the Civil Rights Act of 1871, 42 U. S. C. § 1983. It asked the federal court to enjoin enforcement of the state-court temporary injunction and to declare the Alabama nuisance law unconstitutional. Appellant claimed that the challenged statutory provisions and the state-court temporary injunction infringed its First, Fifth, and Fourteenth Amendment rights.

A three-judge federal court was convened pursuant to 28 U. S. C. § 2281 to consider appellant's complaint. Without resolving the constitutional merits of the complaint, the three-judge court dismissed the complaint without prejudice.[4] In view of the pendency of the state proceedings, the three-judge District Court applied

---

[2] In addition to MTM, Mobile Bookstore was a plaintiff below and is an appellant in the immediate action. There are no material differences in the facts surrounding Mobile's participation in this action and those surrounding MTM's participation. For simplicity, MTM and Mobile are hereinafter referred to collectively as appellant.

[3] Although expedited appeal of the temporary injunction was available in state courts under Ala. Code, Tit. 7, §§ 757, 1057 (1958), appellant initiated no state-court appeal prior to the three-judge court's decision on the merits. At the request of appellant, hearing on the permanent injunction in state court was deferred pending outcome of the federal suit.

[4] The decision of the three-judge court is reported at 365 F. Supp. 1182.

the test enunciated in *Younger* v. *Harris,* 401 U. S. 37 (1971),[5] and concluded that federal intervention as requested by appellant would be improper.

Appellant has brought the case directly to this Court, asserting that jurisdiction exists under 28 U. S. C. § 1253, and arguing that the requirements of *Younger* v. *Harris, supra,* did not preclude relief on these facts. We noted probable jurisdiction over this appeal and set this case for argument in tandem with *Huffman* v. *Pursue, Ltd., ante,* p. 592. 415 U. S. 974 (1974).

Unless jurisdiction over this direct appeal from the three-judge court decision below is conferred by 28 U. S. C. § 1253, we are without authority to entertain it.[6] Section 1253 provides:

> "Except as otherwise provided by law, any party may appeal to the Supreme Court from an order granting or denying, after notice and hearing, an interlocutory or permanent injunction in any civil

---

[5] We, of course, express no view on the correctness of the lower court's holding.

[6] The question of jurisdiction over this appeal under 28 U. S. C. § 1253 was not raised in the Jurisdictional Statement, the Motion to Dismiss, or in the initial briefs filed in this case. At oral argument in light of our intervening decision in *Gonzalez* v. *Employees Credit Union,* 419 U. S. 90 (1974), handed down after the filing of briefs in this case and on the day that this case was orally argued, it was suggested from the bench that supplemental briefs addressed to the issue of jurisdiction under 28 U. S. C. § 1253 in light of *Gonzalez, supra,* be submitted. Appellant has submitted a brief attempting to distinguish *Gonzalez, supra,* which we have considered in resolving this jurisdictional question. See *Brown Shoe Co.* v. *United States,* 370 U. S. 294, 305–306 (1962). While our normal practice under Rule 16 (6) of this Court has been to postpone notation of probable jurisdiction to the hearing on the merits where jurisdictional problems are presented, our intervening decision in *Gonzalez, supra,* squarely raised the jurisdictional question encountered here after we had noted probable jurisdiction in the case.

action, suit or proceeding required by any Act of Congress to be heard and determined by a district court of three judges."

Appellant argues that its complaint presented a "suit . . . required . . . to be heard" by a three-judge court [7] and that the dismissal of its complaint seeking injunctive relief constituted "an order . . . denying . . . an interlocutory or permanent injunction" within the meaning of § 1253.

In *Gonzalez* v. *Employees Credit Union,* 419 U. S. 90 (1974), we recently discussed in some detail the question of what constitutes an order "denying" injunctive relief for purposes of § 1253. There we held that direct appeal to this Court under § 1253 did not lie from the order of a three-judge court dismissing a complaint because of an absence of standing where the three-judge court did not reach the merits of the constitutional claim presented. Although our decision rested at least partially on the ground that a three-judge court was not "required" where the ground for decision below was an absence of standing, 419 U. S., at 100, we also explored the question of whether an order of a three-judge court "denies" an injunction, for purposes of § 1253, where there is no adverse resolution of the constitutional claims presented. Although noting that certain decisions of this Court and a literal reading of § 1253 might be taken to support the notion that a denial of injunctive relief on any basis by a three-judge court is within the purview of § 1253, we concluded that *stare decisis* is entitled to

---

[7] There is no occasion for us to decide in this case the circumstances under which a single judge may dismiss the complaint without convening a three-judge court where the ground for such dismissal rests solely on the impropriety of federal intervention. See *Steffel* v. *Thompson,* 415 U. S. 452, 457 n. 7 (1974); *Gonzalez* v. *Employees Credit Union, supra,* at 100.

less than its usual weight in this area, and that "the opaque terms and prolix syntax" of this statute were not capable of literal reading. 419 U. S., at 96–97. In focusing on the question of whether direct review by this Court under § 1253 is available in the absence of a three-judge court decision resting on resolution of the constitutional merits of a complaint, we stated:

> "Mercantile argues that § 1253 should be read to limit our direct review of three-judge-court orders denying injunctions to those that rest upon resolution of the constitutional merits of the case. There would be evident virtues to this rule. It would lend symmetry to the Court's jurisdiction since, in reviewing orders granting injunctions, the Court is necessarily dealing with a resolution of the merits. While issues short of the merits—such as justiciability, subject-matter jurisdiction, equitable jurisdiction, and abstention—are often of more than trivial consequence, that alone does not argue for our reviewing them on direct appeal. Discretionary review in any case would remain available, informed by the mediating wisdom of a court of appeals. Furthermore, the courts of appeals might in many instances give more detailed consideration to these issues than this Court, which disposes of most mandatory appeals in summary fashion." 419 U. S., at 99.

The conflicting decisions of this Court on the question of whether § 1253 jurisdiction attaches where a three-judge federal court fails to reach the merits of a constitutional claim for injunctive relief do not provide a consistent answer to this question. Compare *Lynch* v. *Household Finance Corp.,* 405 U. S. 538 (1972), with *Mengelkoch* v. *Industrial Welfare Comm'n,* 393 U. S. 83 (1968); *Rosado* v. *Wyman,* 395 U. S. 826 (1969); *Mitchell* v. *Donovan,* 398 U. S. 427 (1970). See *Gonzalez* v.

*Employees Credit Union, supra,* at 95 n. 11; 9 J. Moore, Federal Practice ¶ 110.03 [3], pp. 76–79 (2d ed. 1973). It is certain that the congressional policy behind the three-judge court and direct-review apparatus— the saving of state and federal statutes from improvident doom at the hands of a single judge—will not be impaired by a narrow construction of § 1253. A broad construction of the statute, on the other hand, would be at odds with the historic congressional policy of minimizing the mandatory docket of this Court in the interest of sound judicial administration. *Phillips* v. *United States,* 312 U. S. 246, 250–251 (1941); *Gonzalez* v. *Employees Credit Union, supra,* at 98.

In light of these factors, we conclude that a direct appeal will lie to this Court under § 1253 from the order of a three-judge federal court denying interlocutory or permanent injunctive relief only where such order rests upon resolution of the merits of the constitutional claim presented below.

In the instant case, the three-judge court below did not reach the merits of appellant's constitutional attack on the Alabama statute and instead based its order on the impropriety of federal intervention under our decision in *Younger* v. *Harris,* 401 U. S. 37 (1971). In such circumstances, we are without jurisdiction to consider this appeal. The correctness of the application of *Younger* on these facts by the District Court is for the Court of Appeals to determine. Accordingly, we vacate the order before us and remand this case to the District Court so that a fresh order may be entered and a timely appeal prosecuted to the Court of Appeals.[8]

*It is so ordered.*

---

[8] See *Stamler* v. *Willis,* 393 U. S. 407 (1969); *Mitchell* v. *Donovan,* 398 U. S. 427, 431 (1970).

Mr. Justice White, concurring in the result.

The Court holds that dismissing a suit on *Younger* v. *Harris,* 401 U. S. 37 (1971), grounds is not an order denying an injunction for the purposes of 28 U. S. C. § 1253 and is therefore not appealable directly to this Court, even assuming that the order could be issued only by a three-judge court. I agree with the result but not with this mode of achieving it.

If only a three-judge court may order such a dismissal, I have great difficulty in excluding such an order from the reach of the plain terms of § 1253. The sole justification for so manhandling the language of the section is to avoid our hearing a direct appeal on a nonconstitutional issue of federal law that has little if any connection with the reasons for requiring either three-judge courts or direct review of their decisions. That procedure was adopted to protect state statutes from improvident injunctions issued by a single federal judge on federal constitutional grounds. The more straightforward approach to this case would be to hold that decisions on issues other than requests for injunctive relief challenging the constitutionality of state statutes need not be made by three judges but rather are to be made or deemed to be made by single-judge courts whose decisions are appealable only to the courts of appeals. Proceeding in this manner would require no more than construing 28 U. S. C. §§ 2281 and 2284 (3) and (4), in the light of their original purpose, as applying only to orders granting or denying interlocutory or permanent injunctions where the constitutionality of state statutes is involved.

This approach may appear to be at odds with *Idlewild Liquor Corp.* v. *Epstein,* 370 U. S. 713 (1962). There the Court held that a three-judge court is required where a statute was challenged on constitutional grounds but where a single judge ordered abstention pending presen-

tation of the issues to a state court. The court ruled that as long as the constitutional issue was substantial, a basis for equitable relief was at least alleged in the complaint, and the other requirements for three-judge-court juristiction were satisfied, a three-judge court must be convened. But even within this holding, if it appears on the face of the complaint that there is no ground for equitable relief, there would be no necessity for convening a three-judge court. A single judge should be able to dismiss such a case, therefore, if the pleadings show that there is litigation pending in the state court in which the constitutional challenge could be presented and nothing is alleged to excuse federal intervention.[1]

Even if grounds for equitable relief are alleged in a complaint, a single judge should be able to rule on a motion to dismiss based on *Younger* v. *Harris* grounds. Much water has gone over the dam since *Idlewild* was decided. For one thing, in *Swift & Co.* v. *Wickham*, 382 U. S. 111 (1965), the Court made very plain that the three-judge-court requirement applied only to injunction suits depending entirely upon a substantive provision of the Constitution; injunctions by a single judge could be granted or denied where the claim of invalidity rested on a conflict with a federal statute. In *Swift,* the "statutory" claim was joined with the constitutional issue, but

---

[1] Even on the Court's own terms, *Idlewild* is not a strong reason for its reluctance to say that a three-judge court was not required here. *Idlewild* concerned abstention under *Railroad Comm'n* v. *Pullman Co.,* 312 U. S. 496 (1941). Under *Pullman* abstention, the federal court retains jurisdiction while the state-law issues are adjudicated in state court, and therefore no relief has been finally denied in federal court. In contrast to that deferral of relief, *Younger* v. *Harris,* 401 U. S. 37 (1971), abstention mandates dismissal of the federal action. It is straining the ordinary meaning of words to say that requested injunctive relief has not been denied in such a situation.

the latter was deemed frivolous, leaving only the statutory issue for which three judges were not required. But in *Hagans* v. *Lavine,* 415 U. S. 528, 543–545 (1974), we held that even where the statutory claim is joined with a substantial constitutional claim, the former could be, and should be, decided first by a single judge.

The plain import of these cases is that three judges are not required merely because a complaint states a cause of action for an injunction based on a constitutional challenge to a state statute. All non-three-judge-court issues may be sorted out and tried by a single judge. Cases like *Idlewild* are derelicts and should be expressly cleared from the scene.[2]

*Gonzalez* v. *Employees Credit Union,* 419 U. S. 90 (1974), has shown the way and I would follow its lead. This is especially desirable in this case; for the result of the Court's holding is to require a three-judge court to pass on *Younger* v. *Harris* issues *and* to direct appeals from those orders to the court of appeals, where they would normally be heard again by three judges. This is an exorbitant expenditure of judicial manpower, and without reason in light of our cases.

MR. JUSTICE DOUGLAS, dissenting.

Like my Brother WHITE, I have great difficulty understanding how it is possible, within the plain terms of 28 U. S. C. § 1253, to avoid a direct appeal to this Court from a dismissal which is required to be made by a district court of three judges. The Court does not decide whether one or three judges would be required for the disposition made below. Rather, it concludes that direct appeal to this Court under § 1253 lies only from the denial of injunctive relief by a three-judge court which

---

[2] To the extent that *Steffel* v. *Thompson,* 415 U. S. 452, 457 n. 7 (1974), suggests the contrary in dictum, it should not be followed.

"rests upon resolution of the merits of the constitutional claim presented below." *Ante,* at 804.

I could at least concur in the result if I believed that a single judge had the power to dismiss based on *Younger* v. *Harris,* 401 U. S. 37 (1971), grounds, but I have my doubts about that proposition as well. Recently the Court's hostility to three-judge courts has led it to restrict the need for such courts. See *Gonzalez* v. *Employees Credit Union,* 419 U. S. 90 (1974); *Hagans* v. *Lavine,* 415 U. S. 528 (1974). I joined in those decisions, but I have come to the conclusion that the Court is going too far. I therefore must register my dissent.

Many have argued in recent years that the three-judge court is no longer needed, that it has outlived its original purposes and should therefore be eliminated as a needless waste of judicial resources.[1] Whether the three-judge court is any longer needed for the reasons which led to its creation I do not know. But I note that at least some observers believe the three-judge court to be an important institution for litigants such as civil rights and welfare plaintiffs. Three judges may well display more sensitivity to national policies and perspectives than would a single judge, and when three judges decide in favor of a minority or an unpopular group their decision is likely to inspire more respect than would the decision of a single judge.[2]

I do not know how these various factors should be

---

[1] See, *e. g.,* Statement of Charles Alan Wright, Hearings on S. 1876 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 92d Cong., 2d Sess., 763, 773 (1972).

[2] See Hearing on S. 271 and H. R. 8285 before the Subcommittee on Courts, Civil Liberties, and the Administration of Justice of the House Committee on the Judiciary, 93d Cong., 2d Sess., 141–151 (1973); Note, The Three-Judge Court Reassessed: Changing Roles in Federal-State Relationships, 72 Yale L. J. 1646, 1652–1653 (1963).

weighed. Perhaps the three-judge-court system, along with direct review here, should be eliminated or altered in a major way; perhaps not. Under the Constitution this decision is one for the Congress and not the courts.[3] Moreover, there are practical reasons to avoid judicial usurpation of power over jurisdiction. Under the law as currently interpreted substantial difficulties can arise as to whether initial decisions should be made by a single judge or three judges and as to whether appeals should be to the courts of appeals or to this Court.[4] A case can be split into pieces, making it difficult for courts to resolve issues in a way which takes into account all relevant aspects of the lawsuit. See *Parks* v. *Harden,* 504 F. 2d 861, 865–867 (CA5 1974). We should not encourage this kind of fragmentation in the name of judicial economy, for it will ultimately lead to much delay and duplication of effort.

To some extent the confusion surrounding three-judge courts is the fault of the statutory scheme, but I think that much of the blame must be placed on this Court. What is the status of *Idlewild Liquor Corp.* v. *Epstein,* 370 U. S. 713 (1962), after today's decision? Perhaps *Idlewild* should be distinguished or overruled, as my Brother WHITE urges, but I remain unconvinced. I think we would do better to leave settled as many principles as we reasonably can in this troubled area, and I certainly do not think that we help matters by twisting

---

[3] U. S. Const., Art. III, §§ 1 and 2. Congress is aware of the three-judge-court issue, as is illustrated by its recent actions in this area. See Antitrust Procedures and Penalties Act, Pub. L. No. 93–528, 88 Stat. 1706 (1974); Act of Jan. 2, 1975, Pub. L. No. 93–584, 88 Stat. 1917.

[4] See H. M. Hart & H. Wechsler, The Federal Courts and the Federal System 967–974 (2d ed. 1973); 9 J. Moore, Federal Practice ¶ 110.03 [3] (2d ed. 1973); Currie, The Three-Judge District Court in Constitutional Litigation, 32 U. Chi. L. Rev. 1 (1964).

810

the language of § 1253 in the way the majority has done here.

I would reverse the decision below for the reasons given in *Huffman* v. *Pursue, Ltd., ante,* p. 613 (dissenting opinion), and I would remand the case for consideration of appellant's constitutional claims.