**MTM, INC. and Mobile Bookmart, Inc., Plaintiffs-Appellants,**

v.

**William J. BAXLEY, Attorney General of Alabama, et al., etc., Defendants-Appellees.**

**No. 75–3154**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 24, 1975.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Ferris S. Ritchey, Jr., Birmingham, Ala., Gilbert H. Deitch, Robert Eugene Smith, Atlanta, Ga., for plaintiffs-appellants.

Herbert Jenkins, Jr., Asst. City Atty., Birmingham, Ala., William J. Baxley, Atty. Gen., Montgomery, Ala., for defendants-appellees.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

On March 7, 1973, the State of Alabama filed suit to abate, as a nuisance, the Pussy Cat Theater in Birmingham. The suit was filed pursuant to the Alabama Red Light Abatement Act, Tit. 7, Sections 1091 et seq., Code of Alabama, 1940, recompiled 1958.[1] The complaint

---

1. Portions of the Alabama act follow:

§ 1091. (9280) *Definitions.*—For the purpose of this article, the terms place, person, nuisance are defined as follows: Place shall include any building, erection, or place or any separate part or portion thereof or the ground itself; . . . nuisance shall mean any place as above defined in or upon which lewdness, assignation, or prostitution is conducted, permitted, continued, or exists, and the personal property and contents used in conducting or maintaining any such place for any such purpose.

§ 1092. (9281) *Maintaining nuisance; definition of.*—Any person who shall use, occu-

py, establish, or conduct a nuisance as defined in the preceding section, or aid or abet therein, and the owner, agent or lessee of any interest in any such nuisance, together with the person employed in or in control of any such nuisance by any such owner, agent or lessee, shall for the purpose of this article, be guilty of maintaining a nuisance and shall be enjoined as hereinafter provided. (1919, p. 52.)

§ 1093. (9282) *Injunction of nuisance.*—Whenever a nuisance exists, the attorney-general of the state, or the solicitor, his assistant or deputy, or any prosecuting attorney in the county, or any citizen or citizens, may bring an action in equity in the name of

alleged that the indoor theater displayed obscene films, that obscene literature was sold therein, and thus it was a public nuisance.

Appellants, owners of the theater, reacted to the nuisance suit by filing this action in the District Court for the Northern District of Alabama on May 3, 1973. They sought federal injunctive relief against any injunctions issuing out of the state suit. They also sought to have the Alabama public nuisance statute declared unconstitutional as overbroad, vague, violative of First Amendment rights, and violative of due process.

A three judge court was convened. In view of the equity and comity principles set out in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), that Court decided that it should not hear the merits of the case because the circumstances did not fit any of the exceptions enumerated in *Younger, General Corporation v. Sweeton*, 365 F.Supp. 1182 (N.D.Ala., 1973).

A direct appeal was taken to the Supreme Court, which noted probable jurisdiction and set the case for oral argument. Prior to oral argument, however, the Supreme Court decided that direct appeal was improper because the District Court had not reached the merits. The Court said, "[t]he correctness of the application of *Younger* on these facts by the District Court is for the Court of Appeals to determine. Accordingly, we vacate the order before us and remand this case to the District Court so that a fresh order may be entered and a timely appeal prosecuted to the Court of Appeals". *MTM, Inc. v. Baxley*, 420 U.S. 799, 95 S.Ct. 1278, 43 L.Ed.2d 636 (1975).

The District Court entered a fresh order accordingly and this appeal was brought.

The question now is whether the three judge District Court correctly declined to hear the merits of the case; that is, whether (1) *Younger v. Harris* principles are applicable to the civil suit brought by the State of Alabama; and (2) if *Younger* is applicable, should this case nonetheless have been heard as within a *Younger* exception.

■ The Supreme Court has recently definitively decided that *Younger* principles apply to attempts to federally enjoin a civil suit brought by a state to enforce its public nuisance statutes, *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). The rationale is that the civil nuisance suit brought by the state is closely akin to a state criminal proceeding. Federal courts may not enjoin state court proceedings of the nature presently before us, nor the decrees entered in such proceedings, absent the *Younger* exceptions, requiring extraordinary relief.

■ Those extraordinary circumstances are basically of three types: (1) where enforcement of the state nuisance statute is undertaken in bad faith for harassment purposes, *Younger, supra*, 401 U.S. at 53, 91 S.Ct. 746; (2) where not enjoining the state proceedings would effect great and immediate irreparable injury, *Younger, supra* at 46, 91 S.Ct. 746; (3) where the state nuisance statute is so flagrantly unconstitutional that no limiting construction by the state courts could possibly save it, *Younger, supra* at 53–54, 91 S.Ct. 746. Only in those circumstances, or in circumstances of comparable urgency, can a federal court take jurisdiction over a *Huffman v. Pursue (supra)* type case. In the absence of those circumstances, the right to a federal forum must stand in abeyance until state procedures are exhausted.

■ In this case, appellants do not contend that enforcement has been undertaken in bad faith. Moreover, irreparable injury will not result from federal court abstention because appellants' constitutional claims can be defended in a single "prosecution". *Younger, supra* at 46, 91 S.Ct. 746.

the state of Alabama, upon the relation of such attorney-general, or such other officer or person to abate such nuisance and to per-

petually enjoin the person or persons maintaining the same from further maintenance thereof. (1919, p. 52.)

1258

Finally, pending abstention, a companion case has gone to final appellate resolution before the Supreme Court of Alabama, *General Corporation v. State of Alabama, ex rel. Sweeton* (S.C. 521, decided September 18, 1975) 320 So.2d 668. There, the Alabama statute was construed in a manner eliminating prior restraint objections.

Thus the *Younger* gates were all finally closed and the Judgment of the three-judge District Court is

Affirmed.