Warren C. APEL et al.,
Plaintiffs-Appellants,

v.

Dennis J. MURPHY, etc., et al.,
Defendants-Appellees.

No. 75–1327.

United States Court of Appeals,
First Circuit.

Argued Nov. 4, 1975.

Decided Dec. 1, 1975.

Gerald W. Harrington, Providence, R. I., with whom Deming E. Sherman, Providence, R. I., was on brief, for plaintiffs-appellants.

J. Peter Doherty, Sp. Asst. Atty. Gen., with whom Julius C. Michaelson, Atty. Gen., Providence, R. I., was on brief, for defendants-appellees.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

This is an appeal from the order of a single district judge abstaining from decision of matters of state law and staying further federal relief pending state court adjudication of the state law issues. Appellants filed a complaint in the district court seeking a declaratory judgment that a Rhode Island statute and regulation are unconstitutional, a temporary restraining order "pending the convening of the required three Judge Court," and a preliminary injunction pending a final hearing of the declaratory judgment action.

Appellants are non-residents of Rhode Island engaged in fishing for menhaden, a fish which is found off the New England coast in the summer months. The State of Rhode Island has in the past sought, unsuccessfully, to preserve the menhaden in Rhode Island waters for Rhode Island residents, *see Edwards v. Leaver*, 102 F.Supp. 698 (D.R.I.1952). In their complaint appellants charge that the State is now trying once again to prevent outsiders from fishing for menhaden off the Rhode Island coast. They complain specifically of a 1975 regulation prohibiting the use of boats of over ninety feet in fishing for menhaden. Appellants assert that the ninety foot line drawn by the regulation nicely divides longer out-of-state boats, including their own, from the shorter boats used by Rhode Islanders.

There is, however, some question whether the Rhode Island legislature, in enacting the organic statute under which the regulation was promulgated, G.L. R.I. § 20–7–1 (1956), *as amended by* Pub. Laws, ch. 155 (1975), achieved the discriminatory purpose appellants ascribe to it. The statute applies by its terms only to boats "operating from any locality in the state of Rhode Island." Appellants claim that this language limits application of the regulation to Rhode Island boats; the Attorney General for the State of Rhode Island, on the other hand, claims that it permits the regula-

tion to reach boats operating within Rhode Island territorial waters.

After informal hearings in chambers, the court on its own motion determined that the case was appropriate for abstention and accordingly entered an order retaining federal jurisdiction but staying further federal proceedings pending state court adjudication of state and local issues. At the same time the court denied the application for a temporary restraining order without prejudice to renew it in the event the state courts failed to grant injunctive relief *pendente lite*. Appellants thereafter moved that their application for a preliminary injunction be set down for hearing before a three-judge court. This motion the court unconditionally denied.

We believe that the decision of the district court to abstain was one that under 28 U.S.C. §§ 2281 and 2284 only a three-judge court could make. In *Idlewild Liquor Corp. v. Epstein*, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962), the Supreme Court required the convening of a three-judge court in circumstances materially indistinguishable from those present here. Petitioner in that case was a New York wine and liquor merchant who challenged the constitutionality of the New York Alcoholic Beverage Control Law in federal court, seeking declaratory and injunctive relief. The Attorney General had taken the position that the statute applied to petitioner's business, and the Liquor Authority had advised him that its operation was illegal; but the single district judge thought the state courts might disagree. Finding the controversy "in precisely the tentative and hypothetical posture with which Pullman [*Railroad Comm'n v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941)] and its progeny are concerned," the judge simply retained federal jurisdiction pending examination of the statute by the state courts, and in so doing denied petitioner's request to empanel a three-judge court. *Idlewild Bon Voyage Liquor Corp. v. Rohan*, 188 F.Supp. 434, 436 (S.D.N.Y.1960). The Supreme Court disapproved the single judge's decision to abstain in the following language:

"When an application for a statutory three-judge court is addressed to a district court, the court's inquiry is appropriately limited to determining whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute. Those criteria were assuredly met here, and the applicable jurisdictional statute therefore made it impermissible for a single judge to decide the merits of the case, either by granting or withholding relief."

370 U.S. at 715, 82 S.Ct. at 1296 (footnote omitted).

The district court here, in its carefully reasoned opinion, recognized that *Idlewild* would bar a decision to abstain without convening a three-judge court, but believed that the case had been effectively overruled by more recent Supreme Court decisions. We can scarcely say that the law in this area is so clear today as to establish beyond question that the court was wrong. Still, none of the three cases relied upon dealt with a decision by a single district judge to abstain under *Pullman*. *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974), approved a single judge decision striking down a state regulation for conflict with federal law, even though jurisdiction rested on a constitutional claim that only a three-judge panel could decide. The other two cases, *Gonzales v. Automatic Employees Credit Union*, 419 U.S. 90, 95 S.Ct. 289, 42 L.Ed.2d 249 (1974), and *MTM, Inc. v. Baxley*, 420 U.S. 799, 95 S.Ct. 1278, 43 L.Ed.2d 636 (1975), were less concerned with the requirement of a three-judge court under 28 U.S.C. §§ 2281 and 2284, than with the Supreme Court's appellate jurisdiction under 28 U.S.C. § 1253. Thus *Gonzales* rested only partially on the Court's view that a single judge could properly decide whether the plaintiff had standing to assert a constitutional claim, 419

U.S. at 100, 95 S.Ct. 289, and *MTM* explicitly refrained from deciding "the circumstances under which a single judge may dismiss the complaint without convening a three-judge court where the ground for such dismissal rests solely on the impropriety of federal intervention." 420 U.S. at 802 n. 7, 95 S.Ct. at 1280. In so distinguishing the requirements of section 1253 from those of sections 2281 and 2284, the *MTM* Court showed itself unprepared to adopt the suggestion in Justice White's concurring opinion that *Idlewild* "be expressly cleared from the scene," *id.* at 807, 95 S.Ct. at 1283.

While we agree with the district court that the opinions in *Hagans* and *Gonzales* are not easily squared with the language quoted above from *Idlewild*, we are not convinced that these cases permit us to depart from a precedent which the Supreme Court seemed to regard as good authority as recently as March 1974, *see Steffel v. Thompson*, 415 U.S. 452, 457 n. 7, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974), and which it has never expressly disapproved, despite ample opportunity to do so. Under the circumstances, we think a three-judge court should be convened.*

*The order appealed from is vacated and the case is remanded with directions to convene a three-judge court.*

---

* While all members of the panel concur in the above analysis, the writer also believes a three-judge court is indicated to give plaintiff a meaningful opportunity to present his claim for preliminary injunctive relief pending any period of abstention. The period of abstention could be lengthy, *see Baggett v. Bullitt*, 377 U.S. 360, 378–79, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964); *Druker v. Sullivan*, 458 F.2d 1272, 1274 (1st Cir. 1972), and appellants claim to be threatened with the arrest of their vessels and the seizure of their cargoes should they again attempt to fish for menhaden in Rhode Island territorial waters. Having retained jurisdiction, the district court was in a position to grant or deny the requested preliminary relief. *Cf. Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 30–31, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959). However, a decision to grant the request would require a three-judge court under the express terms of 28 U.S.C. § 2281, and here where a denial cannot realistically be viewed as incidental to a jurisdictional or essentially non-constitutional decision that avoids the merits, as in *Gonzales* and *Hagans*, the contrary decision—to deny preliminary relief—would likewise seem to call for three judges. *See Literature v. Quinn*, 482 F.2d 372, 376 (1st Cir. 1973). The district court refused appellants' request for a three-judge court and, as matters now stand, it is problematic when and whether appellants' request for preliminary relief will ever be considered.