**Mary ROE, on behalf of herself and all other persons similarly situated, Appellant,**

v.

**Honorable Calvin L. RAMPTON, Individually and in his capacity as Governor of the State of Utah, and Honorable Vernon B. Romney, Individually and in his capacity as Attorney General of the State of Utah, Appellees.**

No. 75–1555.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted March 24, 1976.

Decided June 4, 1976.

**1220**

David S. Dolowitz, of Parsons, Behle & Latimer, Salt Lake City, Utah, for appellant.

William T. Evans, Asst. Atty. Gen., Salt Lake City, Utah, for appellees.

Before SETH and McWILLIAMS, Circuit Judges, and MORRIS, Chief Judge.*

PER CURIAM.

A three-judge court sitting as the United States District Court for the District of Utah in an action challenging a Utah statute relative to abortions entered an order which in part stated:

"  .  .  . This court  .  .  . now enters its order abstaining and dismissing the above entitled action to allow the state courts to decide the questions, including the determination of a class, presented by this case."

The plaintiff has taken an appeal to this court from the above order, urging that abstention was erroneous, and that the action should not have been dismissed.

The appeal has been taken to this court on the theory that the three-judge court did not decide the merits. Thus under 28 U.S.C. § 1253, since there was no "resolution of the merits of the constitutional claim," there was no direct appeal to the Supreme Court. *MTM, Inc. v. Baxley,* 420 U.S. 799, 95 S.Ct. 1278, 43 L.Ed.2d 636; *Gonzalez v. Automatic Employees Credit Union,* 419 U.S. 90, 95 S.Ct. 289, 42 L.Ed.2d 249.

There were three opinions filed by the judges, two of which agreed upon abstention, and the third dissented. There is some discussion of the merits in each of the opinions, but we must rely upon the order entered which is quoted in part above. From this order, the disposition is clear, and we hold that there was no resolution of the merits of the constitutional claim. Thus appeal to this court was proper.

The appellant urges that the doctrine of abstention was not properly applied. The two majority opinions present somewhat different reasons for abstention, but the fact they did not agree on this makes no difference. We are of the opinion that abstention was not improper nor was the dismissal of the action improper.

The state abortion statute need not be quoted at length. The challenged provision relates to "notice" to be given the parents of a minor woman or to her husband. Section 76–7–304(2), Utah Code Annotated 1953, provides in part:

"To enable the physician to exercise his best medical judgment, he shall:

\*      \*      \*      \*      \*      \*

"(2) Notify, if possible, the parents or guardian of the woman upon whom the abortion is to be performed, if she is a minor or the husband of the woman, if she is married."

The record shows that the plaintiff was a minor, separated from her husband, and had started divorce proceedings. She was pregnant by someone other than her husband. The doctor had no objection to giving "notice," but the woman objected. She later had an abortion.

The challenge is based on *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147, on the theory that the notice provision was a "regulation" by the State on the doctor in his exercise of a medical judgment. The appellant repeatedly asserts that this is a challenge of the state statute "on its face." It is a challenge of the statute brought by a

---

\* Of the United States District Court for the Eastern District of Oklahoma, sitting by designation.

plaintiff who found herself in the fact situation above recited. It is not a theoretical, abstract proposition, but is brought by a particular, real person and the application of the statute is to be made to her. She is the only party plaintiff, and is the only person represented by the attorneys for the plaintiff.

The application of the state statute to the plaintiff in her situation raises several problems of construction which make abstention proper. The first of these is whether under the statute the "husband" means the "father," as it is apparent that the "father" is the person who has an interest in the abortion. The plaintiff objected to the "husband" being notified. Also does the statute mean that both the husband, the father, and the parents be notified? When should the notice be given? It would appear that it may be given *after* the decision to abort has been made. Thus it would then have nothing to do with an abortion but is instead a related matter of disclosure of the act. If it is such, it is not a *Roe v. Wade* situation, and no constitutional issue may be involved. The notice, without a time indication, may thus be a non-abortion problem entirely. The statute has these several ambiguities, and others, which when considered by the state courts may eliminate the federal constitutional questions. Thus abstention was not in error. *See Henrie v. Derryberry*, 358 F.Supp. 719 (N.D. Okl.), and the general authorities on ambiguities therein referred to.

Also we must hold that dismissal was proper. The Supreme Court in *Harris County Comm'rs Court v. Moore*, 420 U.S. 77, 95 S.Ct. 870, 43 L.Ed.2d 32, ordered dismissal in a comparable abstention case, and we hold it is proper here. The state court should not have half of such a case with the federal court retaining the other half. Thus the dismissal was proper.

AFFIRMED.