534 F.2d 609
 Gregorio GARCIA, Individually, and on behalf of all other
persons similarly situated, Plaintiff-Appellee
Cross Appellant,
v.
Gus O. KRAUSSE, Individually, and in his official capacity
as Sheriff of Cameron County, Texas, etc.,
Defendant-Appellee,
General Motors Acceptance Corporation, Defendant-Appellant
Cross Appellee.
 No. 75-1979.
 United States Court of Appeals,
Fifth Circuit.
 July 1, 1976.
 
 Jim Denison, James Harris Denison, Jr., Harlingen, Tex., for General Motors Acceptance Corp.
 James A. Herrmann, Texas Rural Legal Aid, Inc., Philip F. Ricketts, Brownsville, Tex., David G. Hall, Edinburg, Tex., Clyde Farrell, Harlingen, Tex., for Gregorio Garcia.
 Appeals from the United States District Court for the Southern District of Texas.
 Before WISDOM* and INGRAHAM, Circuit Judges, and GROOMS, District Judge.
 GROOMS, District Judge:
 This is an appeal by General Motors Acceptance Corporation (GMAC) from a judgment of the District Court for the Southern District of Texas against GMAC and the Sheriff of Cameron County, Texas, holding that the sequestration statutes, Article 6840, Texas Revised Civil Statutes, and Rules 696-716 of the Texas Rules of Civil Procedure, implementing said Article, are unconstitutional under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and permanently enjoining the further administration and enforcement of said statute and Rules. GMAC also appeals from the judgment granting class action relief. There is also presented a cross-appeal to that portion of the judgment with respect to class action relief decreeing that the judgment would not apply retroactively to any case, other than the present one, as to any writ of sequestration issued and executed prior to August 23, 1974, the date of the court's initial decision.
 On January 20, 1972, GMAC filed a suit in the District Court of Cameron County, Texas, against Gregorio Garcia, appellee in the present action, under Article 6840 and in conformity with Rules 696-716, secured a writ and seized a 1966 Lincoln car, which had been financed under a conditional sales contract.
 Thereafter appellee instituted this action. He prayed that a Three-Judge Court be convened pursuant to 28 U.S.C. §§ 2281 and 2284, that the Article and Rules be held unconstitutional, and all proceedings thereunder be permanently enjoined.
 A Three-Judge Court was duly convened and a hearing was held by that court on September 18, 1973. The Three-Judge Court held that it was not required to decide the constitutional question presented, dissolved itself, and remanded the case for disposition to the District Judge to whom the application for injunction and other relief was originally presented, for a decision on the merits. Thereupon GMAC took an appeal to this Court to reverse the order dissolving the Three-Judge Court.
 The District Court sitting as a single judge stayed a decision pending the final decision of the Supreme Court in Mitchell v. W. T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974). On August 23, 1974, the trial court held that the broad ruling in Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), had been narrowed by the decision in Mitchell, and that Article 6840 and Rules 696-716 must be measured against the standards proscribed in Mitchell. The court denied defendants' motion for summary judgment and granted the plaintiff's motion holding that the Article and Rules did not meet constitutional muster under the Mitchell standards. The court withheld the fashioning of relief. GMAC then filed a motion in this Court to stay further proceedings in its appeal from the Order of Dissolution of the Three-Judge Court. The motion was granted and the appeal stayed. A final judgment was entered on January 28, 1975. This Court then granted GMAC's motion for consolidation of its appeal from the Order of Dissolution of the Three-Judge Court with its appeal and appellee's cross-appeal from the trial court's final judgment.
 After a careful review of the record, we are of the opinion, particularly in view of Mitchell, where the grant of certiorari preceded[1], but the decision followed the order of the Three-Judge Court in dissolving itself, that the issue of the constitutionality of the Texas Statute and Rules is one for a three-judge court. In so holding we do not intend to intimate to any extent what a determination of that issue should be.
 The final judgment of the district court and the order of dissolution[2] are each vacated, and this action is remanded for consideration by the Three-Judge Court.
 Judgment and Order VACATED and case REMANDED.
 
 
 
 *
 Judge Wisdom was a member of the panel that heard oral arguments but due to illness did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46(d)
 
 
 [1]
 Cert. granted May 14, 1973, 411 U.S. 981, 93 S.Ct. 2276, 36 L.Ed.2d 957
 
 
 [2]
 Where a three-judge court dissolves itself without reaching the merits, the correctness of its action in that respect is reviewable by this Court rather than by the Supreme Court. Wilson v. City of Port Lavaca, 391 U.S. 352, 88 S.Ct. 1502, 20 L.Ed.2d 636; Mengelkoch v. Industrial Welfare Commission, 393 U.S. 83, 89 S.Ct. 60, 21 L.Ed.2d 215; Gonzalez v. Employees Credit Union, 419 U.S. 90, at 100 and footnote 19, 95 S.Ct. 289, 42 L.Ed.2d 249; MTM, Inc. v. Baxley, 420 U.S. 799, 95 S.Ct. 1278, 43 L.Ed.2d 636. See Wernick v. Matthews, 5 Cir., 524 F.2d 543, where a three-judge court dismissed appellant's claim with prejudice for failure to raise a substantial federal question, and where we held that in such case this Court was without jurisdiction to consider the merits