# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 19-5028**

**September Term, 2020**

FILED ON: FEBRUARY 12, 2021

EUGENE MARTIN LAVERGNE,
APPELLANT

FREDERICK JOHN LAVERGNE, ET AL.,
APPELLEES

v.

UNITED STATES HOUSE OF REPRESENTATIVES, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:17-cv-00793)

Before: SRINIVASAN, *Chief Judge*, HENDERSON and MILLETT, *Circuit Judges*.

## J U D G M E N T

This case was considered on the record from the United States District Court for the District of Columbia, as well as on the briefs of the parties. We have accorded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the United States District Court for the District of Columbia be **AFFIRMED**.

### I

Proceeding *pro se*, Eugene Martin LaVergne argues that the membership of the United States House of Representatives has been wrongly apportioned for at least the last 230 years. On LaVergne's reading of constitutional history, a proposed constitutional amendment concerning apportionment (called "Article the First") was, in fact, ratified in the first decade of the Republic's existence. In addition, LaVergne claims to have uncovered a scrivener's error in the first copies

of that amendment that resulted in a fundamental misunderstanding of its meaning. The combined result, according to LaVergne's theory, is that the House's membership should now exceed 6,000 Representatives—far more than its current 435 Members. According to LaVergne, that longstanding mistaken understanding of the Constitution means that every act of Congress taken for more than a century has been invalid for lack of a quorum in the House.

One fatal problem for LaVergne's theory—and the only one we need address now—is that LaVergne already litigated the same arguments on the same issues before the United States District Court for the District of New Jersey and the United States Court of Appeals for the Third Circuit. *LaVergne v. Bryson*, No. 11-7117, 2011 WL 13192893 (D.N.J. Dec. 16, 2011); *LaVergne v. Bryson*, 497 F. App'x 219 (3d Cir. 2012). He lost, as his claim presented a non-justiciable political question and he lacked standing. *Id.* Under well-established principles of issue preclusion, LaVergne cannot relitigate justiciability under the political question doctrine again here. So the district court properly dismissed the case.

**II**

Five years after the Third Circuit upheld the dismissal of LaVergne's first case invoking Article the First to challenge the membership level of the House of Representatives, LaVergne and four co-plaintiffs filed this suit against the House of Representatives and a number of congressional and Executive Branch officers (collectively, "governmental defendants") before a three-judge district court in the United States District Court for the District of Columbia. That court promptly dismissed LaVergne from the suit on issue preclusion (sometimes called collateral estoppel) grounds. *LaVergne v. United States House of Representatives*, No. 1:17-cv-00793, 2018 WL 4286404 (D.D.C. Sept. 6, 2018). Although the claims of the remaining plaintiffs were still pending, LaVergne filed a notice of appeal challenging his dismissal. The governmental defendants moved to dismiss the appeal for lack of appellate jurisdiction. Doc. 1780529 (D.C. Cir. April 1, 2019). While that motion was pending, the district court entered a final judgment dismissing the remaining plaintiffs' claims and the case. *LaVergne v. United States House of Representatives*, 392 F. Supp. 3d 108 (D.D.C. 2019).[1]

The district court's July 11, 2019 final judgment cured the prematurity of LaVergne's notice of appeal and vested this court with jurisdiction over this appeal under 28 U.S.C. § 1291. *See Outlaw v. Airtech Conditioning & Heating, Inc.*, 412 F.3d 156, 162 (D.C. Cir. 2005). Also, because the district court resolved LaVergne's constitutional claims on the basis of jurisdictional issue preclusion rather than on the merits, jurisdiction lies here rather than in the United States Supreme Court. *See MTM, Inc. v. Baxley*, 420 U.S. 799, 804 (1975) ("[A] direct appeal will lie to this Court * * * from the order of a three-judge federal court denying interlocutory or permanent injunctive relief only where such order rests upon resolution of the merits[.]"); *see also Gonzalez v. Automatic Emps. Credit Union*, 419 U.S. 90, 100 (1974). We therefore deny the governmental

---

[1] Those plaintiffs have not appealed the dismissal of their claims, so only LaVergne's dismissal is before us.

defendants' motion to dismiss for want of appellate jurisdiction.

We review the district court's decision to dismiss LaVergne's complaint on issue preclusion grounds *de novo*. *GSS Group Ltd. v. National Port Auth. of Liberia*, 822 F.3d 598, 605 (D.C. Cir. 2016). As for the district court's denial of LaVergne's motion for reconsideration, we would ordinarily review it for an abuse of discretion. *Ark Initiative v. Tidwell*, 749 F.3d 1071, 1075 (D.C. Cir. 2014). But because LaVergne makes no argument that the district court abused its discretion—nor any argument referencing the district court's decision on reconsideration at all— he has forfeited any challenge to that ruling. *See United States ex rel. Totten v. Bombardier Corp.*, 380 F.3d 488, 497 (D.C. Cir. 2004) ("Ordinarily, arguments that parties do not make on appeal are deemed to have been waived.").

## III

The doctrine of issue preclusion means that a party cannot relitigate in a second lawsuit an issue that (1) was contested by the parties and submitted for judicial determination in a prior case, and (2) was actually and necessarily determined by a court of competent jurisdiction in the prior case, unless (3) foreclosing relitigating would work a basic unfairness to the party otherwise bound by the first determination. *See Martin v. Department of Justice*, 488 F.3d 446, 454–455 (D.C. Cir. 2007). Under that test, the non-justiciability of LaVergne's constitutional claim was conclusively resolved in the New Jersey litigation.

*First*, the threshold jurisdictional question of the justiciability of LaVergne's claim about the ratification and meaning of Article the First was contested and submitted for resolution to the Third Circuit in the prior case. *See* Brief of Appellees John A. Boehner and Karen L. Haas, *LaVergne v. Bryson*, No. 12-1171, 2012 WL 1649995, at *1 (3d Cir. April 18, 2012) ("Is Mr. LaVergne's claim that 'Article the First' actually was ratified a non-justiciable political question? Answer: Yes."); *id.* at *35–38 (detailed arguments regarding political question doctrine).

*Second*, that same justiciability issue was actually and necessarily decided in the previous litigation. The Third Circuit squarely held that the political question doctrine bars adjudication of LaVergne's claim that Article the First was properly ratified. *LaVergne*, 497 F. App'x at 222.

LaVergne suggests that the issue was not actually and necessarily decided because the Third Circuit affirmed the dismissal of his complaint on two alternative grounds, either of which would have been sufficient to support the court's ruling: (1) lack of standing and (2) the political question doctrine. *LaVergne*, 497 F. App'x at 221–222. But a dismissal on alternate and independent grounds has preclusive effect with respect to both grounds when, as here, the appellate court explicitly affirms the dismissal on both grounds. *See Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C Cir. 1983); *see also* RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. o (AM. LAW. INST. 1982).

LaVergne separately objects that the Third Circuit did not "affirm" the lower court's decision on political question grounds because the district court did not expressly rely on that doctrine.

That argument goes nowhere. The Third Circuit's express reliance on the political question doctrine is itself sufficient to trigger issue preclusion. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. o (preclusion available if "the losing party has * * * obtained an appellate decision on the issue"); *LaVergne*, 497 F. App'x at 222 (LaVergne's claims were non-justiciable because "[t]he issue of whether a constitutional amendment has been properly ratified is a political question.") (alteration in original; quoting *United States v. McDonald*, 919 F.2d 146, 1990 WL 186103, at *3 (9th Cir. 1990) (table)); *see also* App. 353 (district court explaining that the New Jersey district court's citation to *Clemons v. United States Dep't of Commerce*, 710 F. Supp. 2d. 570 (N.D. Miss.), *vacated and remanded by* 562 U.S. 1105 (2010), reflected its invocation of the political question doctrine).

Nor (even assuming it is legally relevant) did the Third Circuit's issuance of the additional and alternative jurisdictional holding that LaVergne lacked standing in any way discourage him from seeking further review of that court's political question ruling. *Cf. Dozier*, 702 F.2d at 1194 (reasoning that preclusive effect might not apply to alternative holdings if to do so would discourage litigants from conceding the adequacy of one of them on appeal). The proof is in LaVergne's own pen. He filed a petition for a writ of certiorari with the United States Supreme Court that sought review of both the Third Circuit's standing and political question holdings. Petition for Writ of Certiorari at ii–iii, *LaVergne v. Bryson*, 568 U.S. 1161 (2013) (No. 12-778), 2012 WL 6722086.

*Third*, the New Jersey district court and Third Circuit were courts of competent jurisdiction to adjudicate the justiciability of LaVergne's Article the First arguments. *See* 28 U.S.C. §§ 1331 (federal district court jurisdiction over questions arising under the United States Constitution), 1291 (federal circuit court jurisdiction over appeals from final decisions of district courts).

LaVergne contends that 28 U.S.C. § 2284, which governs actions challenging the constitutionality of the apportionment of congressional districts, required that his New Jersey complaint be heard before a three-judge court, and so the single district court judge in New Jersey lacked jurisdiction to dismiss his case. LaVergne further argues that that jurisdictional foot fault deprived the Third Circuit of appellate jurisdiction.

LaVergne is mistaken. A three-judge court is not required where the "district court itself lacks jurisdiction of the complaint or the complaint is not justiciable in the federal courts[,]" as was the case in New Jersey. *Gonzalez*, 419 U.S. at 100. The Third Circuit, in turn, had appellate jurisdiction to determine "the correctness of the District Court's view" on the question of justiciability. *See id.* at 101; *see also MTM, Inc.*, 420 U.S. at 803–804 (appeals of issues "short of the merits" in cases subject to a three-judge district court requirement should be heard first by circuit courts of appeals).

LaVergne's argument that Article III's "case or controversy" requirement precluded the political question doctrine ruling misunderstands the law. The New Jersey district court and Third Circuit's determinations that he lacked standing did not deprive them of jurisdiction to decide that his action was also barred by the political question doctrine. Because both grounds for dismissal

are jurisdictional, they could equally be addressed at the threshold of LaVergne's case. *See Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 215 (1974) ("[T]he concept of justiciability, which expresses the jurisdictional limitations imposed upon federal courts by the 'case or controversy' requirement of Art. III, embodies both the standing and political question doctrines[.]").

*Finally*, the application of issue preclusion in this case would work no unfairness to LaVergne. Indeed, LaVergne does not raise any discernible unfairness argument on appeal, *see* LaVergne Br. at 46–55, nor is any unfairness apparent on this record.

**IV**

For all of those reasons, we affirm the well-reasoned decision of the district court that LaVergne is precluded from relitigating the prior determination that his constitutional claim is barred by the political question doctrine. Because that doctrine is jurisdictional, the district court properly dismissed LaVergne's case. *See National Ass'n of Home Builders v. EPA*, 786 F.3d 34, 43 (D.C. Cir. 2015).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/
        Daniel J. Reidy
        Deputy Clerk

5