Alfred R. HAMILTON and Ruth M. Hamilton, his wife, Plaintiffs,

v.

G. H. ANDREWS, Director, Washington State Highway Commission, and Slade Gorton, Attorney General for the State of Washington, Defendants.

No. C75–153T.

United States District Court, W. D. Washington.

June 15, 1976.

William C. Ruthford, Ruthford & Lind, Seattle, Wash., for plaintiffs.

Slade Gorton, Atty. Gen., Michael A. McKean, Asst. Atty. Gen., Olympia, Wash., for defendants.

Before WRIGHT, Circuit Judge, and VOORHEES and EAST, District Judges.

## MEMORANDUM DECISION

In this Section 1983 action [42 U.S.C. § 1983] plaintiffs allege that portions of the Washington Highway Advertising Control Act (The Act) [R.C.W. ch. 47.42] violate their constitutional rights under the First and Fourteenth Amendments. We dismiss the complaint and action without prejudice.

In October 1974, plaintiffs erected a billboard on their farmland adjacent to Interstate Highway 5 in the State of Washington. Although the bulk of the space on the billboard was devoted to publication of plaintiffs' political beliefs, small portions at the top and bottom contained advertisements, in smaller print, related to the business on the premises.

The state sued in June 1975 under R.C.W. § 47.42.080, to have the Hamilton billboard declared a public nuisance and be abated. That action is still pending. In July 1975, plaintiffs filed the complaint now before us, asking that we enjoin the state court nuisance proceeding.

In *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), the Supreme Court ruled that the principles of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), require dismissal of

**26**

the federal action if there is pending at the time of its filing a "state proceeding which in important respects is more akin to a criminal prosecution than are most civil cases." *Huffman,* 420 U.S. at 604, 95 S.Ct. at 1208.

The *Huffman* Court determined that an Ohio State nuisance action, instituted to close a motion picture theater, was a proceeding "akin to a criminal prosecution." It noted that

> [t]he State is a party to the [state court] proceeding and the proceeding is both in aid of and closely related to criminal statutes . . . .. Thus, an offense to the state's interest in the nuisance litigation is likely to be every bit as great as it would be were this a criminal proceeding. . . . [An] injunction . . . [would disrupt the] State's efforts to protect the very interests which underlie its criminal laws and to obtain compliance with precisely the standards which are embodied in its criminal laws.

*Id.* at 604–05, 95 S.Ct. at 1208. (Footnote omitted.)

The considerations in this case are similar to those in *Huffman.* The State of Washington is the party-plaintiff in the pending state court action. The nuisance proceeding "is both in aid of and closely related to" the criminal sanction set forth in R.C.W. § 47.42.080(2).[1] Federal interference with this nuisance action would affect the same state interests as would interference with a criminal action brought under R.C.W. § 47.-42.080(2).

■ Nor can we see any significant distinction, for present purposes, between a nuisance action involving First Amendment rights in obscene materials, as in *Huffman,* and one such as this involving First Amendment rights in distractive and aesthetically displeasing billboards. Application of the general rule announced in *Huffman,* as we read that decision, depends not on the nature of the particular constitutional right asserted, but on the nature of the pending state court proceeding.

■ We conclude that, in this case as in *Huffman,* the principles of equitable restraint set forth in *Younger* control our disposition:

> [This court] may not enjoin state court proceedings of the nature presently before us, nor the decrees entered in such proceedings, absent the *Younger* exceptions, requiring extraordinary relief.

Those extraordinary circumstances are basically of three types: (1) where enforcement of the state nuisance statute is undertaken in bad faith for harassment purposes, *Younger, supra,* 401 U.S. at 53, 91 S.Ct. 746; (2) where not enjoining the state proceedings would effect great and immediate irreparable injury, *Younger, supra* at 46, 91 S.Ct. 746; (3) where the state nuisance statute is so flagrantly unconstitutional that no limiting construction by the state courts could possibly save it, *Younger, supra* at 53–54, 91 S.Ct. 746. Only in those circumstances, or in circumstances of comparable urgency, can a federal court take jurisdiction over a *Huffman v. Pursue (supra)* type case. In the absence of those circumstances, the right to a federal forum must

---

1. "*47.42.080 Prohibited signs declared public nuisance—Procedure for abatement—Penalty.*

   (1) Any sign erected or maintained contrary to the provisions of this chapter or regulations promulgated hereunder and which is designed to be viewed from the interstate system or from any part of the scenic system which is not a part of the primary system shall be a public nuisance and the commission, the chief of the Washington state patrol, the county sheriff, or the chief of police of any city or town shall notify the permittee or, if there is no permittee, the owner of the property on which the sign is located, by registered mail at his last known address, that it constitutes a public nuisance and must comply with the chapter or be removed.

   (2) If the permittee or owner, as the case may be, shall fail to comply with the chapter or remove any such sign within fifteen days after being notified to remove such sign he shall be guilty of a misdemeanor. In addition to the penalties imposed by law upon conviction an order may be entered compelling removal of the sign. Each day such sign shall be maintained shall constitute a separate offense."

stand in abeyance until state procedures are exhausted.

*MTM, Inc. v. Baxley,* 523 F.2d 1255, 1257 (5th Cir. 1975).

While in this case plaintiffs have asserted that the nuisance action was brought in bad faith, they allege no underlying facts in support of the assertion. Accordingly, this court will not consider the claim. *Hicks v. Miranda,* 422 U.S. 332, 350–51, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975).

No irreparable injury will result from our failure to enjoin, since plaintiffs' billboard cannot be removed until their statutory and constitutional arguments have been heard and disposed of in state court. R.C.W. § 47.42.080(2).

Finally, R.C.W. ch. 47.42 is by no means flagrantly unconstitutional. *See Markham Advertising Co. v. State,* 73 Wash.2d 405, 439 P.2d 248 (1968), *appeal dismissed for want of a substantial federal question,* 393 U.S. 316, 89 S.Ct. 553, 21 L.Ed.2d 512 (1969); *State v. Yard Birds, Inc.,* 9 Wash.App. 514, 513 P.2d 1030 (1973).

We dismiss the complaint and action without prejudice.