# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1116

_____

Timothy W. Brown,                                  *
                                                   *
            Appellant,                             *
                                                   *  Appeal from the United States
        v.                                         *  District Court for the Western
                                                   *  District of Arkansas.
Arkansas Department of Human                       *
Services; Kurt Knickrehm, individually             *  [UNPUBLISHED]
and in his official capacity; John M.              *
Selig, individually and in his official            *
capacity; Quranner Cotledge,                       *
individually and in his official capacity;         *
Lee Thalheimer, individually and in his            *
official capacity; Breck Hopkins,                  *
individually and in his official capacity;         *
Sherry Wilson, individually and in her             *
official capacity; Nancy Mathis,                   *
individually and in her official capacity;         *
Lex Maples, individually and in his                *
official capacity; Mason Pickens,                  *
individually and in his official capacity;         *
Trish Smith, individually and in her               *
official capacity; Beverly Huddleston,             *
individually and in her official capacity;         *
Ronald Smith, individually and in his              *
official capacity; Dana Byrd,                      *
individually and in her official capacity;         *
James Johnson, individually and in his             *
official capacity; Jane Does, 1-7,                 *
individually and in their official                 *
capacity; John Does, 1-7, individually             *
and in their official capacity;                    *

Fourteenth Judicial District State of Arkansas; Gary B. Isbell, individually and in his official capacity; Robert McCorkindale, individually and in his official capacity; John Putman, individually and in his official capacity; Ron Kincaide, individually and in his official capacity; Kenford Carter, individually and in his official capacity; Johnny Savage, individually and in his official capacity; Deanna Evans, individually and in her official capacity; Jeffrey Malm, individually and in his official capacity; Steven Davis, individually and in his official capacity; Greg Harris, individually and in his official capacity; Deputy Tom Smith, individually and in his official capacity; Peggy Jackson, individually and in her official capacity; Shiloh Hunsaker, individually and in her official capacity,

        Appellees.

        *
        *
        *
        *

_____

Submitted: April 20, 2011
Filed: April 27, 2011

_____

Before MELLOY, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Timothy Brown appeals from the district court's[1] dismissal with prejudice of his 42 U.S.C. § 1983 complaint. Upon careful review, see Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (28 U.S.C. § 1915(e)(2)(B) dismissal for failure to state claim is reviewed de novo), we conclude that Brown's claims related to the termination of his parental rights as to three of his children were properly dismissed as untimely. See Ark. Code. Ann. § 16-56-105 (three-year statute of limitations for personal injury action); Wallace v. Kato, 549 U.S. 384, 388 (2007) (accrual date of § 1983 cause of action is question of federal law; accrual occurs when plaintiff has complete and present cause of action); Miller v. Norris, 247 F.3d 736, 739 (8th Cir. 2001) (Arkansas three-year personal injury statute of limitations applies to § 1983 action); see also Eidson v. State of Tenn. Dep't of Children's Servs., 510 F.3d 631, 635 (6th Cir. 2007) (continuing violation is occasioned by continuing unlawful acts, not continual ill effects from original violation).

In addition, we conclude that the district court did not abuse its discretion in finding that Brown's claims relating to his parental rights for a fourth child were barred under the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971). See Norwood v. Dickey, 409 F.3d 901, 903 (8th Cir. 2005) (application of Younger abstention doctrine reviewed for abuse of discretion); Night Clubs Inc. v. City of Ft. Smith, 163 F.3d 475, 479-80 (8th Cir. 1998) (discussing three-part analysis that must be addressed in determining whether to invoke Younger abstention doctrine; stating that Younger abstention requires state proceeding to be ongoing at time district court enters its order granting abstention); cf. Amerson v. State of Iowa, 94 F.3d 510, 512-14 (8th Cir. 1996) (noting Supreme Court has long rejected federal court interference in state domestic relations policy; finding abstention appropriate where district court concluded plaintiff's claims seeking damages could not be granted

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendations of the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas.

without disturbing state juvenile court decision to terminate her parental rights and considering simultaneously pending state-court appeal on decision, and where claims in effect required preliminary declaration that state court judgment terminating parental rights was invalid).

Moreover, although a dismissal based upon the Younger abstention doctrine ordinarily should be without prejudice, see Anderson v. Schultz, 871 F.2d 762, 766 (8th Cir. 1989), we nevertheless affirm the dismissal with prejudice of Brown's claims concerning his parental rights for the fourth child, because the record supports the following alternative grounds for dismissing these claims: Brown's complaint did not suggest how any of the individual defendants were involved in or responsible for any interference with his parental rights related to the fourth child, see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (complaint must contain sufficient factual matter, accepted as true, that is plausible on its face; claim has facial plausibility when plaintiff pleads factual content that allows court to draw reasonable inference that defendant is liable for misconduct alleged); Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (§ 1983 complaint must allege facts supporting any individual defendant's personal involvement in or responsibility for alleged constitutional violations); and Brown's claims against the Arkansas Department of Human Services and the Fourteenth Judicial District of Arkansas were barred by the Eleventh Amendment, see Nix v. Norman, 879 F.2d 429, 431-32 (8th Cir. 1989) (suit brought solely against state or state agency is proscribed by Eleventh Amendment); Mildfelt v. Cir. Ct. of Jackson Cnty., Mo., 827 F.2d 343, 345 (8th Cir. 1987) (per curiam) (state courts as entities are protected by Eleventh Amendment immunity against § 1983 suits); see also Phipps v. F.D.I.C., 417 F.3d 1006, 1010 (8th Cir. 2005) (court may affirm on any basis supported by record).

Accordingly, we affirm the judgment of the district court.

_____