# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-3276

_____

Noah Steffy

*Plaintiff - Appellant*

v.

City of Fort Smith, et al.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: March 17, 2017
Filed: March 22, 2017
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

After Noah Steffy was served with a 7 Day Clean-Up Notice for violations of City of Fort Smith, Arkansas, nuisance ordinances and the City scheduled a final inspection, Steffy filed this 42 U.S.C. § 1983 action seeking to enjoin this enforcement of the ordinances as violating his federal constitutional rights. Some weeks later, a criminal summons issued ordering Steffy to appear in Sebastian County

District Court on a charge of failure to maintain premises, and defendants moved to dismiss this federal action under abstention principles established in <u>Younger v. Harris</u>, 401 U.S. 37 (1971). With the state criminal case pending, the district court[1] granted that motion. Steffy appeals dismissal of his *pro se* action. Reviewing the district court's application of <u>Younger</u> abstention for abuse of discretion, we affirm. See <u>Norwood v. Dickey</u>, 409 F.3d 901, 903 (8th Cir. 2005) (standard of review).

<u>Younger</u> abstention is appropriate if "the action complained of constitutes an ongoing state judicial proceeding; . . . the proceedings implicate important state interests; . . . there is an adequate opportunity in the state proceedings to raise constitutional challenges . . . [and the federal court does not detect] bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate." <u>Night Clubs, Inc. v. City of Fort Smith, Ark.</u>, 163 F.3d 475, 479 (8th Cir. 1998) (quoting and citing <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 435 (1982)). "[T]he state proceeding must be ongoing at the time the district court enters its order regarding abstention." <u>Id.</u> at 480. Here, the state criminal prosecution was ongoing at the time of dismissal, the enforcement of nuisance ordinances implicates important state interests, and Steffy failed to show that he could not raise his constitutional challenge in state court or that the prosecution was brought in bad faith or to harass.

Accordingly, we affirm the Order of the district court but modify the dismissal to clarify that it is without prejudice. See <u>Anderson v. Schultz</u>, 871 F.2d 762, 766 (8th Cir. 1989).

_____

[1]The Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).