**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-1959**

_____

PETER KALOS; VERON LEE KALOS,

             Plaintiffs – Appellants,

        v.

GREENWICH INSURANCE COMPANY; WISENBAKER HOLDINGS, LLC,

             Defendants – Appellees.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  James C. Cacheris, Senior District Judge.  (1:10-cv-00841-JCC-TRJ)

_____

Submitted:  November 22, 2010        Decided:  December 14, 2010

_____

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Peter and Veron Lee Kalos, Appellants Pro Se.  Shannon Jacob Posner, LAW OFFICES OF SHANNON J. POSNER, PA, Sparks, Maryland, for Appellee Greenwich Insurance Company.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In July 2010, Peter and Veron Lee Kalos filed this action against Greenwich Insurance Company ("Greenwich") and Wisenbaker Holdings, LLC, ("Wisenbaker") seeking emergency injunctive relief, a declaratory judgment, and "other equitable relief relating to a cloud on title to real property." The Kaloses simultaneously filed a motion for emergency injunctive relief echoing the claims in their complaint and asking the district court to "forestall a sale or further clouding of trust property."

The district court held a hearing on the Kaloses' emergency motion for injunctive relief. At the conclusion of the hearing, the district court denied the motion, explaining that given the numerous rulings against them, the Kaloses could not demonstrate a likelihood of success on the merits. The district court also dismissed the Kaloses' complaint with prejudice because the claims had previously been adjudicated by other courts. We affirm.

The doctrine of collateral estoppel precludes relitigation of issues that are identical to issues actually determined and necessarily decided in prior litigation in which the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate. McHan v. Comm'r, 558 F.3d 326, 331 (4th Cir. 2009). Res judicata precludes the

2

assertion of a claim that has already been "litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." Ohio Valley Envtl. Coalition v. Aracoma Coal Co., 556 F.3d 177, 210 (4th Cir. 2009) (quoting 18 James Wm. Moore et al., Moore's Federal Practice § 131.10(1)(a) (3d ed. 2008)). Application of these doctrines constitutes a legal question that we review de novo. See Sartin v. Macik, 535 F.3d 284, 292 (4th Cir. 2008); Q Int'l Courier Inc. v. Smoak, 441 F.3d 214, 216 (4th Cir. 2006).

Here, the record reveals that the Kaloses have filed numerous actions against Greenwich and Wisenbaker in state courts, all related to the foreclosure of the property at issue in the instant case. These claims have been conclusively adjudicated and may not be relitigated.

Turning to the Kaloses' request for emergency injunctive relief, we agree with the district court that they did not make the requisite showing. In order to obtain a preliminary injunction, a plaintiff must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. ___, 129 S. Ct. 365, 374

3

(2008); Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009). The district court concluded that the Kaloses were not entitled to injunctive relief because they could not demonstrate a likelihood of success on the merits. In light of the numerous adverse state court judgments and their preclusive effects, we agree with this determination. Nothing in the other factors causes us to reach a different result.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4