**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-2180

PAUL GOLDMAN,

Plaintiff – Appellee,

v.

ROBERT H. BRINK, Chairman of the State Board of Elections, in his official capacity; JAMILAH D. LECRUISE, Secretary of the State Board of Elections, in her official capacity; JOHN O'BANNON, Vice Chair of the State Board of Elections, in his official capacity; SUSAN BEALS, Commissioner of the Virginia Department of Elections, in her official capacity,

Defendants – Appellants,

and

VIRGINIA STATE BOARD OF ELECTIONS; GLENN YOUNGKIN, Governor of Virginia, in his official capacity,

Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  David J. Novak, District Judge.  (3:21-cv-00420-DJN)

No. 22-1682

PAUL GOLDMAN,

Plaintiff – Appellant,

v.

ROBERT H. BRINK, Chairman of the State Board of Elections, in his official capacity; JAMILAH D. LECRUISE, Secretary of the State Board of Elections, in her official capacity; JOHN O'BANNON, Vice Chair of the State Board of Elections, in his official capacity; SUSAN BEALS, Commissioner of the Virginia Department of Elections, in her official capacity,

Defendants – Appellees,

and

VIRGINIA STATE BOARD OF ELECTIONS; GLENN YOUNGKIN, Governor of Virginia, in his official capacity,

Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Stephanie D. Thacker, Circuit Judge; David J. Novak, District Judge; and Raymond A. Jackson, Senior District Judge. (3:21-cv-00420-DJN-RAJ-SDT)

Argued: March 8, 2022                                    Decided: July 21, 2022

Before KING, WYNN, and RUSHING, Circuit Judges.

No. 21-2180 dismissed and vacated and No. 22-1682 affirmed as modified by published opinion. Judge King wrote the opinion, in which Judge Wynn and Judge Rushing joined.

**ARGUED:** Andrew Nathan Ferguson, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellants. Paul Goldman, Richmond, Virginia, Appellee Pro Se, for Appellee. **ON BRIEF:** Mark R. Herring, Attorney General, Jason S. Miyares, Attorney General, Charles H. Slemp, III, Chief Deputy Attorney General, Erin B. Ashwell, Chief Deputy Attorney General, Donald D. Anderson, Deputy Attorney General, Steven G. Popps, Deputy Attorney General, Michelle S. Kallen, Solicitor General, Andrew N. Ferguson, Solicitor General, Erika L. Maley, Principal Deputy Attorney General, A. Anne Lloyd, Deputy Solicitor General, Brittany M. Jones, Deputy Solicitor General, Kevin

2

M. Gallagher, Deputy Solicitor General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellants.

———————————

KING, Circuit Judge:

Pro se plaintiff Paul Goldman seeks to pursue this civil action in the Eastern District of Virginia against several Commonwealth officials, alleging that the Old Dominion's 2021 House of Delegates election contravened the federal and state constitutions. More specifically, Goldman alleges that Virginia was constitutionally required to use 2020 U.S. Census data to draw the legislative districts for the 2021 House of Delegates election.

On October 12, 2021, the district court dismissed Goldman's claims against the Governor of Virginia and the State Board of Elections on grounds of Eleventh Amendment immunity. *See Goldman v. Brink*, No. 3:21-cv-00420 (E.D. Va. Oct. 12, 2021), ECF Nos. 40 & 41 (the "Immunity Ruling"). In the Immunity Ruling, the court declined to similarly dismiss Goldman's federal constitutional claim against four of the Board's members.

The next day, on October 13, 2021, a three-judge district court was appointed by the Chief Judge of this Court, pursuant to 28 U.S.C. § 2284, to resolve Goldman's federal constitutional claim against the Board members. Five days later, on October 18, 2021, the Board members noticed an interlocutory appeal to this Court (the "Commonwealth's Appeal") from the Immunity Ruling, insofar as the single-judge district court declined to dismiss Goldman's federal constitutional claim. The Commonwealth's Appeal was filed as No. 21-2180, and oral argument thereon was conducted in Richmond on March 8, 2022. We thereafter remanded the proceedings "to the district court for it to determine — in the first instance — whether Goldman possesses Article III standing to sue." *See Goldman v. Brink*, No. 21-2180, at 3 (4th Cir. Mar. 15, 2022), ECF No. 55.

4

On remand, the three-judge district court, on June 6, 2022, dismissed the entirety of Goldman's complaint, ruling that he lacks Article III standing to sue. *See Goldman v. Brink*, No. 3:21-cv-00420 (E.D. Va. June 6, 2022), ECF No. 89 (the "Standing to Sue Ruling"). Goldman then noticed an appeal to this Court (the "Goldman Appeal") from the Standing to Sue Ruling. The Goldman Appeal was filed as No. 22-1682, and we consolidated that appeal with the Commonwealth's Appeal in No. 21-2180.[1]

On June 29, 2022, we requested the parties to brief the question of our jurisdiction to review the Standing to Sue Ruling that is challenged in the Goldman Appeal. Upon consideration of those submissions and the pertinent authorities, we are satisfied that we possess jurisdiction to review the Standing to Sue Ruling. And given the time-sensitive nature of these proceedings, we are content to render our opinion and resolve both the Goldman Appeal and the Commonwealth's Appeal without further briefing or oral argument.

Put succinctly with respect to our jurisdiction in the Goldman Appeal, the Supreme Court has "unanimously held that jurisdiction [for] an appeal from an order of a three-judge court dismissing a complaint for lack of standing [is] vested in the court of appeals." *See Jagnandan v. Giles*, 538 F.2d 1166, 1170 (5th Cir. 1976) (citing *Gonzalez v. Automatic Emp. Credit Union*, 419 U.S. 90, 100 (1974)); *see also MTM, Inc. v. Baxley*, 420 U.S. 799, 804 (1975) (per curiam) (observing that "a direct appeal will lie to [the Supreme Court] . . .

---

[1] We recognize that one of our colleagues is a duly-appointed member of the three-judge district court that rendered the Standing to Sue Ruling. We have assessed that unique circumstance and are satisfied to serve on this appellate panel.

5

from the order of a three-judge federal court denying interlocutory or permanent injunctive relief only where such order rests upon resolution of the merits of the constitutional claim presented below"). Because the Standing to Sue Ruling has not resolved the merits of any of Goldman's constitutional claims, we possess jurisdiction in the Goldman Appeal.

By its Standing to Sue Ruling, the three-judge district court properly ruled that Goldman does not possess the Article III standing to sue that is required to pursue this civil action. In making that determination, we agree with and adopt the well-crafted and reasoned analysis of the Standing to Sue Ruling. Simply put, Goldman cannot satisfy Article III's injury in fact requirement, either as a voter or as a candidate for public office. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). As the Standing to Sue Ruling recognized, Goldman has not suffered "a particularized injury in fact that would furnish him [with] standing to pursue this case as a voter," in that he does not reside in an underrepresented House of Delegates district. *See* Standing to Sue Ruling 23. The Standing to Sue Ruling also explained that Goldman — as a potential candidate for public office in Virginia — has failed to show that the defendants' "actions have harmed [his] chances of winning" an election. *Id.* at 24. Moreover, Goldman did not demonstrate "that he intends or intended to run for the House of Delegates." *Id.* at 26.

Although we are satisfied that Goldman has not alleged facts sufficient to establish Article III standing to sue, we also recognize that the dismissal of his civil action should have been without prejudice. As our precedent establishes, "[a] dismissal for lack of standing — or any other defect in subject matter jurisdiction — must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of

6

a claim on the merits." *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) (citing Fed. R. Civ. P. 41(b)). Therefore, we modify the judgment of the three-judge district court to reflect that its dismissal of Goldman's civil action is without prejudice. *See Ali v. Hogan*, 26 F.4th 587, 600 (4th Cir. 2022).

Being satisfied with respect to the Goldman Appeal that Goldman does not possess Article III standing to sue, we need not review the Immunity Ruling or address the issues raised in the Commonwealth's Appeal. Rather, we are obliged to dismiss the Commonwealth's Appeal as moot and vacate the unreviewed Immunity Ruling being appealed therein. *See Norfolk S. Ry. Co. v. City of Alexandria*, 608 F.3d 150, 161-62 (4th Cir. 2010) (recognizing that dismissal of an appeal and vacatur of a challenged ruling are warranted if addressing the issues "would result in an advisory opinion being rendered on moot issues").[2]

---

[2] We also dispose herein of motions interposed by Goldman that remain pending. Prior to our remand in the Commonwealth's Appeal, Goldman filed a motion to dismiss that appeal and remand to the three-judge district court for a merits ruling on his federal constitutional claim against the Board members. Goldman also filed separate motions to supplement the record on appeal and to allow him to cite certain cases during oral argument. We hereby deny those three motions as moot.

After noting the Goldman Appeal, Goldman moved, inter alia, for an expedited hearing. We grant that motion to the extent Goldman was seeking an appellate decision without further briefing, but we otherwise deny it.

In the circumstances presented, we *sua sponte* direct the Clerk to forthwith issue the mandate resolving these consolidated appeals.

No. 21-2180 — *DISMISSED AND VACATED*

No. 22-1682 — *AFFIRMED AS MODIFIED*