**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-7309**
_____

ZAVIAN MUNIZE JORDAN,

Plaintiff - Appellant,

v.

CHRIS NEWMAN, Officer/Detective at Charlotte Mecklenburg Police Department; MILLER CLINT BRIDGES, Officer at Gastonia Police Department,

Defendants - Appellees.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Martin K. Reidinger, Chief District Judge.  (3:19-cv-00212-MR)

_____

Submitted:  May 15, 2023                    Decided:  November 8, 2023

_____

Before RICHARDSON and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Affirmed in part and affirmed as modified in part by unpublished per curiam opinion.

_____

Zavian Munize Jordan, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zavian Munize Jordan appeals the district court's order dismissing his combined 42 U.S.C. § 1983 complaint against Detective Chris Newman and *Bivens** complaint against Officer Miller Clint Bridges (collectively, "Defendants"). Jordan sued Defendants in their individual and official capacities and claimed that their actions injured him because he was sentenced to 35 years' imprisonment for six federal convictions, which caused him emotional, mental, and physical stress as well as loss of income and time with his family. He requested $16 million in damages.

The district court identified four claims that survived its initial review under 28 U.S.C. § 1915(e)(2): Newman lacked reasonable suspicion to stop Jordan's vehicle and to prolong that stop ("Claim 1"); Defendants conducted searches of two properties pursuant to warrants that were obtained with false information and involuntary statements during Jordan's post-arrest interview ("Claim 2"); the Clerk of Court did not stamp and date certain warrants ("Claim 3"); and Newman exceeded the scope of one of the warrants by breaking into a locked garage and locked cabinets ("Claim 4"). Upon Defendants' motion, the district court dismissed Claim 3 as without merit and dismissed the remaining claims as barred by the doctrine of collateral estoppel and *Heck v. Humphrey*, 512 U.S. 477 (1994). We affirm in part and affirm as modified in part.

---

*  *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

2

"We review de novo a district court's decision to grant a motion to dismiss." *Corder v. Antero Res. Corp.*, 57 F.4th 384, 401 (4th Cir. 2023) (internal quotation marks omitted). Initially, we conclude that the district court properly dismissed Claim 3 on the merits. Assuming that the Clerk of Court did not in fact sign or date the warrants, those omissions do not amount to a Fourth Amendment violation and, therefore, are insufficient to state a claim under § 1983 or *Bivens*. Next, our review of the record confirms that Jordan was collaterally estopped from raising Claim 1, as we addressed whether Newman had reasonable suspicion during the entirety of the traffic stop in our opinion affirming Jordan's convictions and sentence. *See United States v. Jordan*, 952 F.3d 160, 165-67 (4th Cir. 2020); *McHan v. Comm'r*, 558 F.3d 326, 331 (4th Cir. 2009) (listing elements of collateral-estoppel doctrine). We did not, however, squarely address the issues raised in Claims 2 and 4. Nevertheless, we conclude that the district court correctly dismissed those claims as barred under *Heck* because a judgment in Jordan's favor "would necessarily imply the invalidity of his conviction[s]." *Heck*, 512 U.S. at 487.

Although the district court properly dismissed Jordan's complaint, we conclude that the court should have dismissed some of Jordan's claims without prejudice. First, Jordan's claims against Bridges in his official capacity should have been dismissed without prejudice because the court lacked subject-matter jurisdiction to adjudicate those claims. *See Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002) ("[A] *Bivens* action does not lie against . . . officials in their official capacity." (emphasis omitted)); *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 649 (4th Cir. 2018) ("[S]overeign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is

3

entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction." (internal quotation marks omitted)); *Goldman v. Brink*, 41 F.4th 366, 369 (4th Cir. 2022) ("[A] dismissal for . . . any . . . defect in subject matter jurisdiction . . . must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." (internal quotation marks omitted)). Likewise, the district court should have dismissed Claims 2 and 4 against both Defendants without prejudice because Jordan may refile those claims if an appropriate court invalidates his convictions.

Accordingly, we modify the portions of the district court's order dismissing the official-capacity claims against Bridges and Claims 2 and 4 against both Defendants to be without prejudice and affirm as modified. We affirm the with-prejudice dismissal of the remainder of the judgment. *Jordan v. Newman*, No. 3:19-cv-00212-MR (W.D.N.C. Aug. 2, 2021). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*AFFIRMED AS MODIFIED IN PART*