**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-1056**

WILLIAM ORR,

        Plaintiff - Appellant,

     v.

U.S. EPA; U.S. DEPARTMENT OF INTERIOR; FRENCH BROAD ELECTRIC MEMBERSHIP CORPORATION; JEFF LOVEN; U.S. FISH AND WILDLIFE SERVICE,

        Defendants - Appellees,

     and

U.S. FOREST SERVICE,

        Defendant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Max O. Cogburn, Jr., District Judge.  (1:21-cv-00149-MOC-WCM)

Submitted:  April 30, 2024                         Decided:  June 7, 2024

Before KING and QUATTLEBAUM, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed as modified by unpublished per curiam opinion.

William Orr, Appellant Pro Se. Amy Collier, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Jamie A. Stokes, LEAKE & STOKES, PLLC, Asheville, North Carolina, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Orr appeals the district court's order granting Defendants' motions to dismiss his civil action in which Orr alleged violations of the Endangered Species Act, 16 U.S.C. §§ 1531 to 1544 ("ESA"). This is the third such action Orr has brought against Defendants. The district court found that Orr's action was barred by the doctrine of claim preclusion, that Orr's claims against the French Broad Electric Membership Corporation ("FBEMC") and Jeff Loven, the corporation's general manager, were barred by the doctrine of issue preclusion, that Orr lacked standing to sue the FBEMC and Loven, and that Orr's claims against the United States Environmental Protection Agency, the United States Department of Interior, and the United States Fish and Wildlife Service (collectively, "Federal Defendants") suffered from a variety of jurisdictional and pleading deficiencies. For the following reasons, we affirm as modified.

We review the district court's order granting Defendants' motions to dismiss de novo. *See Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018) (reviewing dismissal pursuant to Fed. R. Civ. P. 12(b)(6)); *In re KBR, Inc.*, 744 F.3d 326, 333 (4th Cir. 2014) (reviewing dismissal pursuant to Fed. R. Civ. P. 12(b)(1)). Further, we may affirm the district court's judgment "on any grounds supported by the record." *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 75 n.13 (4th Cir. 2016). "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as res judicata." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (internal quotation marks omitted). Claim preclusion applies where there is "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the

3

earlier and the later suit; and (3) an identity of parties or their privies in the two suits."
*Providence Hall Assocs. Ltd. P'ship v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 276 (4th Cir. 2016).  Issue preclusion, or collateral estoppel, "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim."  *Taylor*, 553 U.S. at 892 (internal quotation marks omitted).  Issue preclusion applies when (1) the issue to be precluded was previously litigated; (2) the issue was actually determined in the prior proceeding; (3) determination of the issue was a necessary component of the prior judgment; (4) the prior judgment is final and valid; and (5) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.  *Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 217 (4th Cir. 2006).

We have reviewed the record and conclude that the doctrines of claim and issue preclusion were inapplicable to the claims against Loven and the Federal Defendants because the district court in the prior action dismissed the claims against these parties on multiple bases.  *See Pizlo v. Bethlehem Steel Corp.*, 884 F.2d 116, 119 (4th Cir. 1988) (noting, in context of claim preclusion, that "[w]hen a dismissal is based on two determinations, one of which would not render the judgment a bar to another action on the same claim, the dismissal should not operate as a bar" to subsequent suit); *see also In re Microsoft Antitrust Litig.*, 355 F.3d 322, 327-28 (4th Cir. 2004) (noting, in context of issue preclusion, that "only 'necessary' [or essential] findings are given preclusive effect" and "if a judgment in the prior case is supported by either of two findings, neither finding can be found essential to the judgment").  Moreover, the claims against the FBEMC were not

4

barred by claim preclusion because the court dismissed these claims in the prior action based on Orr's lack of standing to assert them, and the court did not render a judgment on the merits of those claims. *See Goldsmith v. Mayor and City Council of Baltimore*, 987 F.2d 1064, 1069 (4th Cir. 1993) (noting that jurisdictional dismissal is not a judgment on the merits for purposes of claim preclusion).

However, we discern no reversible error regarding the district court's finding that Orr's action against the FBEMC was barred by the doctrine of issue preclusion, based on the court's finding in the prior suit that Orr lacked Article III standing to sue the FBEMC. We also discern no error with respect to the court's finding that Orr lacked standing to sue Loven, as Orr failed to show that the alleged injuries were fairly traceable to Loven's actions. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (stating elements of Article III standing).

The district court lacked jurisdiction over Orr's claims against the Federal Defendants. Orr sought to assert claims against the Federal Defendants for violations of Sections 7 and 9 of the ESA, which govern federal agencies' conduct in administering the ESA and prohibit any action that harms endangered species. "The ESA contains a broad citizen-suit provision, authorizing any person to commence a civil suit on his own behalf to enjoin any person, including the United States, who is alleged to be in violation of any provision of this chapter or regulation issued under the authority thereof." *Ctr. for Biological Diversity v. Env't Prot. Agency*, 861 F.3d 174, 178 (D.C. Cir. 2017) (cleaned up); *see* 16 U.S.C. § 1540(g)(1)(A). However, the Supreme Court has held that the citizen-suit provision "is not an alternative avenue for judicial review of [an agency's]

implementation of the ESA." *Bennett v. Spear*, 520 U.S. 154, 173 (1997). Rather, the statute's "reference to any 'violation' of the ESA" does not "[include] maladministration of the ESA." *Id.* at 174 (citing 16 U.S.C. § 1540(g)(1)(A)).

Orr's claims against the Federal Defendants asserting maladministration of the ESA based upon delays in conducting an environmental review of certain herbicides, and a failure to prevent private parties from spraying those herbicides, are thus "not subject to judicial review under § 1540(g)(1)(A)." *Id.* Therefore, the district court did not err in dismissing Orr's claims against the Federal Defendants, as the statute invoked by Orr did not authorize judicial review of his claims. *See Kerr*, 824 F.3d at 75 n.13 (noting court may affirm on any ground apparent from record).

Because we have determined that some of Orr's claims should have been dismissed on jurisdictional grounds, the dismissal of these claims should be without prejudice. *See Goldman v. Brink*, 41 F.4th 366, 369 (4th Cir. 2022) (explaining that "a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits"). We therefore modify the court's order to reflect that the dismissal of Orr's claims against Loven and the Federal Defendants is without prejudice. *See* 28 U.S.C. § 2106.

Accordingly, we affirm as modified the district court's order granting Defendants' motions to dismiss. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*

6