**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-1686**

_____

SIMONE WRENN,

Plaintiff - Appellant,

v.

KIARA WILLIAMSON; DAJOUR JONES; DEBORAH HICKMAN; MARSHA KENNEDY, Lawyer,

Defendants - Appellees.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Kenneth D. Bell, District Judge.  (3:24-cv-00434-KDB-SCR)

_____

Submitted:  October 28, 2024                    Decided:  January 14, 2025

_____

Before NIEMEYER, AGEE, and BENJAMIN, Circuit Judges.

_____

Affirmed as modified by unpublished per curiam opinion.

_____

Simone Wrenn, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Simone Wrenn appeals the district court's order denying her amended application to proceed in forma pauperis and dismissing her civil complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted. Having reviewed the record, we conclude that the district court lacked subject matter jurisdiction because the complaint failed to establish either diversity or federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1332(a); *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 73 (1997) ("Every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review, even though the parties are prepared to concede it." (cleaned up)); *Brickwood Contractors, Inc. v. Datanet Eng'g*, 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court."). Therefore, although we agree that dismissal was appropriate, we modify the district court's judgment to reflect a dismissal without prejudice for lack of subject matter jurisdiction. *See Goldman v. Brink*, 41 F.4th 366, 369 (4th Cir. 2022) (A dismissal based on a "defect in subject matter jurisdiction must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." (cleaned up)).

Accordingly, we affirm as modified the district court's order dismissing Wrenn's complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*